### EX PARTE CHARLEY LOGSDEN.

*No. 801.   Decided June 26th, 1895.*

**1.   County Convict—Hirer's Bond—Escape—Right of Arrest.**

Where a county convict has been hired out and escapes before the hirer's bond becomes due, no one, except the master or hirer, has the right to have him arrested. A surety upon the bond has no such right.

**2.   Same—After Bond Is Due.**

After the bond given by the hirer of a convict is due, the convict, if he did not escape before the same became due, is entitled to his liberty, irrespective of whether the master has or has not paid the bond.

**3.   Same.**

If a convict has been hired out he is due his liberty at the expiration of the term, though he may in fact have earned nothing for his master; and he is entitled to his liberty whenever he has remained long enough with his master to discharge the fine and costs adjudged against him at the rate of 25 cents per day.

**4.   Same—The Right to Arrest is Based Upon Escape.**

Where a hired convict has not worked a sufficient time to discharge his fine and costs—unless he has escaped—he cannot be re-arrested, even at the instance of his master.

APPEAL from the County Court of Tarrant. Tried below before Hon. GEORGE W. ARMSTRONG, County Judge.

This was a proceeding by habeas corpus, on the application of J. E. Logsden, to have Charley Logsden discharged from illegal confinement and restraint by the Sheriff of Tarrant County. At the hearing of the writ the application was denied, and he was remanded to the custody of the respondent.

The opinion states the case.

No briefs have come to the hands of the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—The applicant, Charley Logsden, was convicted of gaming, in three cases, on the 1st day of January, 1894. The —— day of January, 1894, he was hired to J. E. Logsden, under the provisions of Chapter 10, Title 71, Rev. Stat. E. T. Melear, T. H. Watson and R. T. Henderson were sureties on the convict bond executed by Logsden. Each of said bonds became wholly due on the 1st day of September, 1894. Long after that, to-wit: on the 31st day of

May, 1895, capias pro fines were issued, and relator arrested and placed at hard labor among other county convicts. When the bonds were executed, the cash payment was made thereon. No payments have been made since, but the full amount was due on the 1st day of September, 1894. The hirer, Logsden, permitted the relator to go into an adjoining county (Dallas), and from there to Ellis county. The sureties on his bond being aware of his movements, one of them, E. T. Melear, made affidavit of his desire to be released from liability on said bond, and by his request the capias pro fines were issued, and relator arrested and placed at work, as above stated. The court erred in not releasing applicant. No one has authority to have applicant arrested except his master or hirer, and then only when the convict escaped from him; and the escape authorizing the arrest must be made before the bond is due. After the bond is due, the convict, not having escaped, has the right to his liberty, whether the bond is paid or not by his master. Article 3607 is controlled by Article 3602, which expressly provides that "he shall be discharged upon the expiration of his term of service, which shall in no event be greater than one day for each 25c. of fine and costs." If relator earns nothing in fact for his master, he is still due his liberty at the expiration of his term. He shall still be at liberty when he has remained with his master long enough to discharge the fine and costs at the rate of 25 cents per day. He was hired out on the 1st of February, 1894. When arrested under the capias he had been with his master 16 months. At 30 days per month, he had paid, at the rate of 25 cents per day in hard labor, $120. But, concede that he has not worked a sufficient length of time to discharge the fine and costs, unless he had escaped, there was no authority to re-arrest him, not even at the instance of his master. The judgment is reversed and the relator released.

*Reversed and relator released.*